UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESLIE R. HANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-100-DCLC-HBG |
| | ) |
| WYNDHAM VACATION OWNERSHIP, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 28].

Now before the Court is Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer [Doc. 12], filed on April 18, 2019. Defendant subsequently filed a Response [Doc. 22] in opposition and the matter is now ripe for adjudication. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 12**] be **DENIED**.

### I. POSITIONS OF THE PARTIES

Plaintiff's Motion to Strike [Doc. 12], filed pursuant to Federal Rule of Civil Procedure 12(f)(2), alleges that Defendant's affirmative defenses should be stricken because they do not meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff asserts that although the Sixth Circuit has not applied the plausibility standard to affirmative defenses, district courts within the Sixth Circuit have determined that the plausibility standard is applicable, and the Sixth Circuit has still analyzed "fair notice" to determine whether a defendant has sufficiently pled an affirmative defense. [Doc. 13 at 4]. Plaintiff also points to the recent decision of the Second Circuit applying the plausibility

1

standard to affirmative defenses in *GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). Specifically, Plaintiff requests that the Court strike Affirmative Defense Paragraphs 2–5, 7, and 9. Plaintiff maintains that Defendant has failed to offer sufficient facts to provide fair notice of the grounds for each claim. Additionally, Plaintiff requests that the Court strike Affirmative Defense Paragraph Six, involving potential claims being barred by workers compensation exclusivity, because Defendant fails to identify what claims it is asserting are barred, and workers compensation exclusivity does not bar Plaintiff's claims.

In its Response [Doc. 22] to the Motion, Defendant objects to Plaintiff's request to strike the affirmative defenses, and asserts that it has complied with the pleading requirements of the Sixth Circuit and this Court. Defendant maintains that the Sixth Circuit has repeatedly declined to apply the plausibility standard to affirmative defenses, and cites to several cases in this District finding that affirmative defenses may be pled in general terms. Defendant asserts that it has provided fair notice of the nature of the asserted affirmative defenses, and claims that Plaintiff improperly argues that the affirmative defenses should be struck because they lack factual support. Additionally, Defendant notes that Plaintiff has stated that discovery should be conducted regarding the nature of the asserted affirmative defenses by requesting to stay Defendant's Motion to Strike Plaintiff's Jury Demand. With respect to the Sixth Affirmative Defense, Defendant asserts that the affirmative defense was properly pled under the applicable case law regarding workers' compensation exclusivity.

**II.    ANALYSIS**

The Court has considered the parties' filings, and for the reasons explained below, the Court **RECOMMENDS** Plaintiff's Motion [**Doc. 12**] be **DENIED**.

Plaintiff has objected to the following affirmative defenses:

2

> Second Defense: To the extent Plaintiff has failed to comply with her duty to mitigate claimed damages, her entitlement to which is expressly denied, such damages cannot be recovered
>
> Third Defense: Defendant denies that Plaintiff's sex or any impermissible factor played a role in any employment decisions relating to Plaintiff. Alternatively, even if some impermissible motive was a factor in any decision a[s] to Plaintiff, the same decisions would have been made for legitimate, non-discriminatory business reasons.
>
> Fourth Defense: Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.
>
> Fifth Defense: Defendant may not be found liable for allegedly harassing conduct of employees about which it did not know or could not have known.
>
> Sixth Defense: Plaintiff's claims for any personal injury or tort are barred by workers compensation exclusivity.
>
> Seventh Defense: Defendant has not engaged in intentional discrimination with respect to Plaintiff, nor has it acted with malice, reckless indifference or fraud toward Plaintiff, and Defendant therefore cannot be liable for punitive damages.
>
> Ninth Defense: Plaintiff is not entitled to a trial by jury because she signed a jury trial waiver as part of her employment, and therefore her jury demand should be stricken from the Complaint.

[Doc. 7 at 5–6]. As mentioned above, Plaintiff states that these affirmative defenses do not meet the plausibility standard set forth in *Twombly* and *Iqbal*, and requests, pursuant to Rule 12(f)(2), that the above defenses be stricken.

Rule 12(f)(2) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter" and that the court may act "on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P.

3

12(f)(2). Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (quoting *Brown & Williamson Tobacco Corp,* 201 F.2d at 822).

As many courts have noted, there is a split amongst the districts courts as to whether the standard set forth in *Twombly* and *Iqbal* is applicable to affirmative defenses. *Compare Ruff v. Credit Adjustment, Inc.*, No. 2:18-CV-351, 2018 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018) (declining to extend the *Twombly*/*Iqbal* pleading requirements to affirmative defenses), *with Doe by & through Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, No. 2:16-CV-524, 2017 WL 3588727, at *3 (S.D. Ohio Aug. 21, 2017) ("These affirmative defenses contain no facts whatsoever, and therefore do not meet the plausibility standards laid out in *Twombly* and *Iqbal*.").

The Sixth Circuit has not weighed on this issue, but the Eastern District of Tennessee has held, "because the Supreme Court and the Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses, this Court declines to adopt such a standard." *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011). In this regard, the Court adopts the reasoning from several recent opinions within this District to again decline to apply the heightened pleading standard in *Twombly* and *Iqbal* to affirmative defenses. *See, e.g.*, *Doe No. 1 by & through Doe No. 2 v. Bojangles' Restaurants, Inc.*, No. 4:19-CV-26-TAV-SKL, 2019 WL 2251546, at *3 (E.D. Tenn. May 9, 2019) ("Given this Court's consistent, well-reasoned opinions on the issue and the Sixth Circuit's holding in *Montgomery*, the recent out-of-circuit authority cited by Plaintiff, *see GEOMC Co.*, 918 F.3d at 98, although also well-reasoned, does not persuade me this Court would now apply

the *Twombly*/*Ashcroft* plausibility standard to affirmative defenses in the absence of binding authority requiring the application of that standard."), *report and recommendation adopted sub nom.*, *Doe No. 1 v. Bojangles' Restaurants, Inc.*, 2019 WL 2250270 (E.D. Tenn. May 24, 2019); *Beyer v. Faris Properties, LLC*, No. 3:18-cv-139-JRG-DCP, 2018 WL 7824534, at *2–3 (E.D. Tenn. Oct. 22, 2018) (declining to adopt a heightened pleading standard for affirmative defenses and finding that "the challenged affirmative defenses gave Plaintiff fair notice of the nature of the offense"), *report and recommendation adopted by*, 2019 WL 1331737 (E.D. Tenn. Mar. 25, 2019).

Further, Federal Rule of Civil Procedure 8(c)(1) merely provides that in "responding to a pleading a party must affirmatively state any avoidance or affirmative defense." *See Ruff*, 2018 WL 4019464, at *2 ("Declining to apply the *Twombly*/*Iqbal* standard to defenses is consistent with Rule 8."). At this time, "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . . as long as it gives plaintiff *fair notice of the nature of the offense." Sewell,* 2011 WL 32209*,* at *7 (quoting *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006)) (other quotations omitted) (emphasis in *Sewell*).

Here, the challenged affirmative defenses give Plaintiff fair notice of the nature of the offense. The Court observes that other courts have reviewed similar affirmative defenses and held that they were sufficient. *See Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014) (finding that the standard in *Twombly* and *Iqbal* does not apply to affirmative defenses and declining to strike defendant's affirmative defense that the complaint failed to state a cause of action upon which relief can be granted because Rule 12(h) allows parties to raise this defense in any pleading and courts routinely accept "failure to state a claim" as an affirmative defense); *Cane Creek Sod Contractors, L.L.C. v. Pub. Bldg. Auth. of City of Sevierville*, No. 3:10-CV-66, 2010 WL 11562023, at *3 (E.D. Tenn. Dec. 17, 2010) (finding

5

defendant properly pled affirmative defense that the plaintiff failed to mitigate damages, as "[w]hether there is a factual basis for the Defendants' affirmative defense should be addressed during the discovery process, not through a motion to strike").

The Court similarly finds that that the challenged affirmative defenses are well-pled and provide Plaintiff fair notice of the nature of the defense. *See, e.g.*, *Bojangles' Restaurants, Inc.*, 2019 WL 2251546, at *3 ("As a result, the crux of Plaintiff's argument for striking all 11 of the defenses—that because there are no facts pleaded to support the defenses, they fail under the *Twombly*/*Ashcroft* plausibility standard—fails.").

Plaintiff also asserts that Defendant's sixth affirmative defense, which states that Plaintiff's claims for any personal injury or tort are barred by "workers compensation exclusivity" [Doc. 7 at 6], should be stricken because Defendant fails to specifically identify what claims are allegedly barred or how the Tennessee Workers Compensation Act bars any of Plaintiff's claims. Plaintiff maintains that her personal injury or tort claims are not barred by workers compensation exclusivity. First, the Court has previously declined the apply the heightened *Twombly/Iqbal* pleading standard to Defendant's affirmative defenses. Further, the Court finds that such challenges to the applicability of this affirmative defense are more properly resolved after the completion of discovery through a dispositive motion. Ultimately, Plaintiff has failed to demonstrate the type of prejudice requiring the drastic remedy of striking a defense, especially when the parties have yet to complete discovery.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**[1] that Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer [Doc. 12] be **DENIED**.

Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).